UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN JOHNSON, et al.,<br>    Plaintiffs,<br>v.<br>GIGSMART, INC.,<br>    Defendant. | Case No. 24-cv-02233-TLT<br><br>ORDER TO SHOW CAUSE FOR TEMPORARY RESTRAINING ORDER<br><br>**April 24, 2024, 11 a.m., D-9**<br><br>[videoconference]<br><br>Re: Dkt. Nos. ECF, 6 |

On April 22, 2024, Plaintiff filed a Ex Parte MOTION for Temporary Restraining Order and Order to Set Show Cause Hearing for Preliminary Injunction. Pursuant to Civil Local Rule 7-3(a), Defendant's opposition is due no later than April 24, 2024, at 11a.m.

Plaintiff served the Defendant on April 22, 2024, to date, has not filed an opposition or statement of non-opposition. Failure of the opposing party to file a memorandum of points and authorities in opposition to any motion may constitute consent to the granting of the motion.

The Court begins by analyzing whether it has jurisdiction to review the State Court Judgment.

Pursuant to the Rooker-Feldman doctrine, federal district courts lack subject matter jurisdiction to exercise appellate review over final state court judgments. See Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923); D.C. Court of Appeals v. Feldman, 460 U.S. 462, 482-86 (1983) (holding that "a United States District Court has no authority to review final judgments of a state court in judicial proceedings").

However, the Supreme Court has held that "Rooker-Feldman ... is a narrow doctrine, confined to 'cases brought by state-court losers complaining of injuries caused by state-court

judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.' " Lance v. Dennis, 546 U.S. 459, 464 (2006) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)).

As a result, each party shall indicate the status of the state court action: *Johnson, et al. v. Gigsmart, Inc., et al.*, Case No. 24-CV-066123 (Alameda Super. Ct.) and whether the Rooker-Feldman Doctrine applies given the procedural posture of the case.

Accordingly, is ordered, on or before April 24, 2024, 1) to file an opposition or statement of non-opposition to the pending motion, and 2) to file a response to this order to show cause explaining why the opposition was not timely filed. Should an opposition be filed, Defendant may file a reply on or before **April 24, 2024, no later than 11am.**

The matter is scheduled for hearing, via videoconference, for April 24, 2024, for a hearing with respect to the application for a Temporary Restraining Order.

The matter is further placed on calendar, if the Court retains jurisdiction, for further in-person proceedings on April 30, 2024, at 2:00pm.

IT IS SO ORDERED.

Dated: April 23, 2024

_____
TRINA L. THOMPSON
United States District Judge